UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDAG, INC.,

    Plaintiff,

v.                                                  Case No. 13-12391
                                                  Hon. Lawrence P. Zatkoff

VIA MOTORS, INC.,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 10, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Summary Judgment [dkt 9]. The motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion is DENIED.

## II. BACKGROUND

**A. FACTUAL BACKGROUND**

Defendant VIA Motors, Inc. ("Defendant") builds extended-range electric vehicles, which are versions of currently manufactured trucks, SUVs and vans. Defendant contracted with Plaintiff EDAG, Inc. ("Plaintiff") to perform design, engineering and crash simulation services on Defendant's vehicles—specifically a Chevrolet Silverado (the "Truck") and Chevrolet 2500 Express Van (the "Van").

On October 24, 2012, Plaintiff issued Quotation No: 134695D000 for Defendant's Via Motors Beta II EREV Project (the "Project"). The quotation document illustrated pertinent terms and conditions regarding the Project, such as the duration of the Project, the services to be provided, and the payment schedule. In response to the quotation, Defendant tendered Purchase Order No. VIA-0123 (the "Purchase Order") to Plaintiff. According to the Purchase Order, Plaintiff's services were to be performed on a time and material basis for an amount not to exceed $1,300,000.00.

The parties do not dispute that all invoices from 2012 were paid in full without any objection to price or the quality of services provided by Plaintiff. Similarly, there appears to be no dispute that invoices dated from January to February 12, 2013, were paid. The parties diverge, however, on the invoices dated from February 15 to June 6, 2013 ("invoices at issue"), to the extent that Defendant has not yet tendered payment on the invoices at issue.

According to Plaintiff, it fully performed and delivered its simulation services in accordance with the Purchase Order. So, the argument goes, Defendant is in breach of the parties' contract by failing to pay in conformity with the Purchase Order and invoices at issue. The amount Plaintiff seeks is $278,957.00. Defendant, on the other hand, alleges that "[m]uch of the work [Plaintiff] performed was defective and wholly insufficient to accomplish the stated and understood requirements under the parties' contract." Thus, Defendant's argument that it was not required to pay is premised on Plaintiff's purported rendering of faulty services.

**B. PROCEDURAL BACKGROUND**

Plaintiff filed its complaint against Defendant on May 31, 2013. In its complaint, Plaintiff pleads the following claims: breach of contract (Count I); and account stated (Count II). Before the Court could convene the parties for a scheduling conference, Plaintiff filed the instant motion seeking judgment in its favor in the amount of $278,957.00.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion

3

for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

The substance of Plaintiff's brief attached to its motion spans only three pages. In conclusory fashion, Plaintiff argues that there are no disputed material facts and that Defendant has admitted the invoices at issue are proper and owing. Essentially, Plaintiff's position rests entirely on (1) the theory that its obligations under the parties' contract were fulfilled and (2) two e-mail correspondences drafted and sent by David Rapier ("Rapier")—head of purchasing for Defendant—to Plaintiff on March 27 and April 19, 2013, respectively. In those e-mails, Rapier apparently conceded that the amount Defendant owed was correct and proposed a payment plan to satisfy the full amount in arrearage. The Court finds Plaintiff's arguments unpersuasive and—when drawing all inferences in favor of Defendant, as the Court must—denies Plaintiff's motion as material facts remain in dispute.

First, Plaintiff's opening brief fails to provide the Court with *any* citations to record evidence that indicates it "fully performed" its duties under the parties' contract, as it claims. By failing to do so, the Court has no way to discern which provisions of the contract are applicable to Plaintiff or whether Plaintiff "fully" adhered to such provisions. While Plaintiff proffers more concrete evidence of its obligations and alleged satisfaction thereof in its reply brief, this only lends credence to the Court's conclusion that there are myriad material facts in dispute. In fact, Plaintiff only provided this information *after* Defendant highlighted, at a minimum, nine issues likely having bearing on Plaintiff's potential recovery under the invoices at issue. *See* Dkt. # 10, pp. 2–3. All of these issues—which focus on Plaintiff's alleged deficient performance of the parties' contact—certainly raise genuine issues of material facts and preclude a finding of summary judgment for Plaintiff at this posture in the litigation.

Second, any attempt by Plaintiff to argue that Rapier's "admissions" in the e-mails conclusively establish that Defendant owes a certain amount is not well-taken.  Notably, Plaintiff offers no facts or legal authority supporting a notion of agency theory liability, leaving the Court to speculate exactly how two isolated e-mails would bind Defendant.  Additionally, testimony from Rapier's affidavit explicitly refutes any knowledge of the "extensive performance problems" Defendant's engineers were allegedly encountering with Plaintiff's services.  According to Rapier, had he known of these performance problems, he would "not have considered the payment plan referenced in the Emails."  Rapier's testimony is evidence sufficient to create a material factual dispute here.

In sum, the Court finds that Defendant has met its burden in response to Plaintiff's motion and offered evidence on which the jury could reasonably find in its favor.  Therefore, Plaintiff's motion is denied.  Because the Court has considered the motion and briefs filed, the undersigned has garnered intimate knowledge of the facts and understands the full contours of the legal issues involved herein.  Accordingly, the Court finds it unnecessary to convene the parties for a scheduling conference and will instead issue a scheduling order concurrent with this Opinion and Order.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 9] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Reply Brief [dkt 12] is DENIED.

IT IS SO ORDERED.

Date:  January 10, 2014                              s/Lawrence P. Zatkoff
                                                     Hon. Lawrence P. Zatkoff
                                                     U.S. District Judge